No. 89-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

V. K. PUTNAM, INC.,

Petitioner and Appellant,

-vs-

JUDITH McFARLANE and STATE OF MONTANA,
DEPARTMENT OF LABOR & INDUSTRY,
EMPLOYMENT RELATIONS DIVISION,

Respondents.

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lyman H. Bennett, III; Morrow, Sedivy & Bennett,
Bozeman, Montana

For Respondent:

Melanie A. Symons, Dept. of Labor & Industry,
Helena, Montana

_____

Submitted on Briefs: Aug. 31, 1989

Decided: September 21, 1989

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an action seeking an award of unpaid overtime wages and statutory penalty pursuant to § 39-3-205, MCA, and § 39-3-206, MCA. Petitioner, V.K. Putman, Inc. (Putman), appeals from the judgment of the District Court of the Eighteenth Judicial District, Gallatin County, confirming the Labor Commission's determination in favor of Respondent, Judith McFarlane (McFarlane). We affirm.

The sole issue on appeal is:

Whether Judith McFarlane was an employee who was subject to the jurisdictional authority of the Secretary of Transportation pursuant to the provisions of 49 U.S.C. § 304 [3102(b)], which exempts certain employees from state and federal overtime wage requirements.

The facts of this case are not in dispute. Judith McFarlane was hired by Putman, a trucking company, on June 19, 1985, as a dispatcher. During her period of employment, she often worked extra hours on Saturdays and through her lunch hours. She was never paid overtime wages for these extra hours.

In early August 1987, McFarlane terminated her employment with Putman. Subsequently, she filed a claim with the Department of Labor and Industry, seeking overtime compensation for the hours worked on Saturdays and during her lunch time. A Hearing Examiner, appointed by the Department of Labor, conducted an administrative hearing on the claim. The examiner found in her favor and awarded McFarlane $742.80 for the overtime hours she worked. The Hearing Examiner also found that Putman was subject to a statutory penalty which doubled McFarlane's recovery to $1,485.60.

Putman appealed this decision to the District Court for the Eighteenth Judicial District, claiming that the Hearing

2

Examiner abused his authority in making the awards. After submission of briefs the District Court issued an order affirming the award, and later the judgment was entered. This appeal followed.

The standard to be used by the court when reviewing a final agency decision in a contested case is set forth in § 2-4-704, MCA. This statute dictates that a court may not substitute its judgment for that of the agency on questions of fact. Section 2-4-704(2), MCA. Moreover, reversal or modification of an agency interpretation of law is only justified if substantial rights of the appellant have been prejudiced because the administrative conclusion or decision is "arbitrary or capricious or characterized by abuse of discretion . . ." Section 2-4-704(2)(f), MCA. Because the facts were stipulated the only conclusion on review is the Department's interpretation of law. This review only requires that we determine whether its findings and ultimate decision were an abuse of discretion. City of Billings v. Billings Firefighters Local No. 521 (1982), 200 Mont. 421, 432, 651 P.2d 627, 632.

Resolution of the issue in this case requires us to examine Montana statutory law and its relationship to federal law governing the Secretary of Transportation's authority over certain employees involved in interstate commerce. Under § 39-3-405(1), MCA, employers are required to pay overtime when employees work longer than forty hours a week. Certain employees are excluded from this requirement. Putman claims that under the exclusion provided by § 39-3-406(2)(a), MCA, it was not required to pay McFarlane overtime compensation, because she was governed by the Federal Motor Carrier Safety Act. Section 39-3-406(2)(a), MCA, states that the overtime provisions of § 39-3-405, MCA, do not apply to employees "with respect to whom the United States Secretary

3

of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of 49 U.S.C. § 304." (Motor Carrier Safety Act)

49 U.S.C. § 304 has been repealed and has been replaced by 49 U.S.C. § 3102(b). This repeal and subsequent reenactment, however, did not change either the purpose or the substance of the Motor Carrier Safety Act. Detailed Explanation Prepared by the Office of the Law Revision Council, 128 Cong. Record 9543 (1982). Therefore, it is proper for this Court to look to case law interpreting 49 U.S.C. § 304, in determining § 3102(b)'s applicability to state overtime wage requirements.

Section 3102(b) states:

> The Secretary of Transportation may prescribe requirements for (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operations.

Putman maintains that all of its employees are subject to the authority of the Secretary of Transportation's maximum hours requirement and that therefore they do not need to pay any of their employees overtime. Putman bases this argument on its interpretation of the definition of "motor carrier." Federal regulations found at 49 C.F.R. § 391.3(a) define the term "motor carrier" to include its "employees . . ., who are responsible for the hiring, supervision, training, assignment or dispatching of drivers." Section 3102(b), gives the Secretary of Transportation the power to "prescribe the qualifications of maximum hours of service of . . . a motor carrier."

4

Because a "dispatcher" is included within the definition of "motor carrier," Putman maintains that the Secretary has the power to set maximum hour requirements for employees responsible for the dispatching of drivers. This in turn, leads to the conclusion that a dispatcher is exempt from overtime wage requirements pursuant to § 39-3-406(2)(a), MCA.

Putman's strained interpretation of the statute, however, ignores United States Supreme Court decisions which hold that only those employees whose work is related to motor carrier safety are exempt from overtime compensation. In United States v. American Trucking Associations (1940), 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, the Supreme Court made an extensive investigation into the history of the legislation leading up to the passage of the Motor Carrier Act, as codified at 49 U.S.C. § 304. Its investigation led it to the conclusion that the Act only affected those employees whose activities affected the safety of operation of a motor carrier. The Secretary of Transportation was held to not have jurisdiction to regulate the hours of service of those employees whose duties did not affect safety. Therefore, federal maximum hour requirements do not extend to all employees of a motor carrier as asserted by Putman.

Putman further argues, however, that even if the Secretary's jurisdiction does not extend to all employees of a motor carrier, this Court should determine that dispatchers substantially affect the safety of motor carrier operations, and that therefore they are exempted from overtime compensation under § 39-3-406(2)(a), MCA. We find little validity to this argument.

In making this argument, Putman points out that a dispatcher is responsible for day to day contact with the drivers. It is contended that if a dispatcher, through error of judgment, permits a vehicle to depart when the roads are

5

icy or calls a driver to duty when he is sick or fatigued, an accident may result. While this may be true, it is clear that such an error would not be the proximate cause of the accident. In an opinion made in response to the question now before us, the Interstate Commerce Commission found that a dispatcher does not engage in any activities that directly affect the safety of operation of motor vehicles. In the Matter of Maximum Hours of Service of Motor Carrier Employees Ex parte No. MC 2, 28 M.C.C. 125. In this case this Court will not disagree with a federal agency's own determination of the extent of its jurisdiction. To do otherwise would leave employees like McFarlane in limbo relative to wage and hour regulation in violation of the policy of our statute and Constitution. See Art. XII, Sec. 2, Mont.Cont. Therefore, we find that dispatchers are not subject to the regulations of the Secretary of Transportation concerning maximum hours. Accordingly, they are not exempted from overtime requirements contained in § 39-3-405, MCA.

We find that the Department of Labor's findings that Judith McFarlane, in her duties as a dispatcher, was entitled to overtime wages was not an abuse of discretion. Therefore, the District Court's judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6